IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FLOYD P. TARVIN, | § | |
| TDCJ-CID # 1122659, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-04-3416 |
| | § | |
| DOUG DRETKE, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Floyd P. Tarvin, an inmate of the Texas Department of Criminal Justice - Correctional

Institutions Division (TDCJ-CID), has filed a petition for a writ of habeas corpus challenging prison

disciplinary actions taken against him.  The respondent has filed a motion for summary judgment

asserting that the claims are time barred pursuant to the provisions of 28 U.S.C. § 2244(d).  After

reviewing the pleadings, the records and the applicable law, the court grants the motion and

dismisses this suit as barred by limitations.

## I. Procedural History

Tarvin is serving a sixty year sentence in TDCJ-CID pursuant to a conviction for driving

while intoxicated, a third degree felony.  *State v. Tarvin*, No. 881716 (351st Dist. Ct. Harris County,

Aug. 15, 2002).  The procedural history of Tarvin's state court trial, appeal, and post-conviction

proceedings with regard to the felony offense is not necessary because he does not attack the validity

of his holding conviction.  Instead, he challenges a TDCJ-CID hearing officer's determination of

guilt and punishment in the following TDCJ-CID disciplinary proceedings: ## 20030218440,

20030203301, 20030206014, 20030210829, 20030207882, and 20030209615.  In each case, Tarvin

was charged with refusing to work.  Tarvin was notified of the charges for the offenses on the following dates: April 3, 2003 (20030203301); April 7, 2003 (20030207882); April 8, 2003 (20030209615); April 9, 2003 (20030210829); April 11, 2003 (20030206014); and April 17, 2003 (20030218440).  Disciplinary Hearing Records (DHR) at 5, 12, 18, 28, 38, and 44.  He was found guilty of the charges on the following dates: April 9, 2003 (20030209615); April 9, 2003 (20030207882); April 10, 2003 (20030210829); April 11, 2003  (20030206014); April 11, 2003 (20030203301); and April 18, 2003 (20030218440)  DHR 3, 12, 16, 26, 35 and 44.  After being found guilty, Tarvin was assessed the following punishments: verbal reprimand (20030203301); thirty days commissary restriction, thirty days cell restriction, and a reduction in line class from Line Class 1 to Line Class 2 (20030207882); thirty days commissary restriction, thirty days cell restriction, and thirty days good-time loss (20030209615); line class reduction from Line Class 2 to Line Class 3, and forty-five days good time loss (20030210829); fifteen days recreation restriction (20030206014); and thirty days commissary restriction, thirty days property restriction, thirty days special cell restriction, line classification remain at Line Class 3, and sixty days good-time loss (20030218440).   DHR 3, 12, 16, 26, 35 and 44.  Tarvin appealed all of the decisions pursuant to TDCJ-CID regulations.

Tarvin filed a Step 1 Grievance in # 20030218440 on April 23, 2003, five days after the hearing in that case.  *See* Disciplinary Grievance Records (DGR) at 26.  The Step 1 Grievance was denied on April 30, 2003.  *Id.*  Thirteen days later, on May 13, 2003, Tarvin filed  a Step 2 Grievance which was denied on May 29, 2003.  *Id*. at 24.

Tarvin filed a Step 1 Grievance in # 20030203301 on April 23, 2003, twelve days after the hearing.  DGR at 22.  The Step 1 Grievance was denied on April 28, 2003.  *Id.*  Twelve days later, on May 10, 2003, Tarvin filed  a Step 2 Grievance which was denied on May 28, 2003.  *Id*. at 20.

Tarvin filed a Step 1 Grievance in # 20030206014 on April 23, 2003, twelve days after the hearing in that case.  DGR at 18.  The Step 1 Grievance was denied on April 28, 2003.  *Id*.  Twelve days later, on May 10, 2003, Tarvin filed  a Step 2 Grievance which was denied on May 28, 2003.  *Id*. at 16.

Tarvin filed a Step 1 Grievance in # 20030210829 on April 23, 2003, thirteen days after the hearing in that case.   DGR at 14.   The Step 1 Grievance was denied on April 28, 2003.  *Id*.  Thirteen days later, on May 11, 2003, Tarvin filed  a Step 2 Grievance which was denied on May 28, 2003.  *Id*. at 12.

Tarvin filed a Step 1 Grievance in # 20030209615 on April 18, 2003, nine days after the hearing in that case.  DGR at 6.  The Step 1 Grievance was denied on April 18, 2003.  *Id*.  Ten days later on April 28, 2003, Tarvin filed a Step 2 Grievance which was denied on May 20, 2003.  *Id*. at 4.

Tarvin filed a Step 1 Grievance in # 20030207882 on April 23, 2003, fourteen days after the hearing in that case.   DGR at 10.   The Step 1 Grievance was denied on April 28, 2003.  *Id*.  Ten days later on May 11, 2003, Tarvin filed a Step 2 Grievance which was denied on May 28, 2003.  *Id*. at 8.

Tarvin signed the habeas petition on August 23, 2004.  It was mailed to the court in an envelope postmarked August 26, 2004.

## II. Claims

Tarvin presents the following claims in his petition:

1. Tarvin's counsel substitute advised him to plead guilty with the understanding that Tarvin would be able to obtain medical restrictions which would allow him to overturn the disciplinary cases on appeal;

3

2.      Tarvin was denied effective assistance of counsel during the hearings;

3.      Tarvin was constructively denied counsel at the hearings;

4.      Tarvin was denied due process during the hearing when the hearing officer and the University of Texas Medical Branch withheld medical records; and

5.      Tarvin was denied due process during the grievance process when the grievance investigators failed to investigate his medical restriction claims.

### III. Standards of Review

A. Summary Judgment

The respondent has filed a motion for summary judgment contending that the petition is time-barred.  A summary judgment shall be issued if the pleadings and evidence "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Vega v. National Life Ins. Services, Inc.*, 145 F.3d 673, 675 (5th Cir. 1998).  In considering a motion for summary judgment, the court construes factual controversies in the light most favorable to the nonmovant, but only if the parties have introduced evidence showing that an actual controversy exists.  *Lynch Properties, Inc. v. Potomac Ins. Co. of Illinois*, 140 F.3d 622, 625 (5th Cir. 1998).  The burden is on the movant to convince the court that no genuine issue of material fact exists as to the claims asserted by the non-movant, but the movant is not required to negate elements of the non-movant's case.  *See Celotex Corp. v. Catrett*, 106 S.Ct. 2548, 2554 (1986).

The non-moving party may not rest solely on its pleadings.  *King v. Chide*, 974 F.2d 653, 656 (5th Cir. 1992).  For issues on which the non-movant will bear the burden of proof at trial, that party must produce summary judgment evidence and designate specific facts which indicate that there is a genuine issue for trial.  *Celotex*, 106 S.Ct. at 2553-54; *Wallace v. Texas Tech. Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996).  The non-movant "must do more than simply show that there is some

metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 106 S.Ct. 1348, 1356 (1986).  To meet its burden, the non-moving party must present "significant probative" evidence indicating that there is a triable issue of fact.  *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994).  If the evidence rebutting the summary judgment motion is only colorable or not significantly probative, summary judgment should be granted.  *Anderson v. Liberty Lobby, Inc.*, 106 S.Ct. 2505, 2510 (1986).

B. <u>28 U.S.C. § 2254 One-Year Statute of Limitations</u>

Tarvin's habeas petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996).  *Lindh v. Murphy*, 117 S.Ct. 2059 (1997).  Under the AEDPA, federal habeas petitions which challenged state court judgments are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)(2).

The one-year limitations period became effective on April 24, 1996, and applies to all federal habeas corpus petitions filed on or after that date. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998).

## IV. <u>Analysis</u>

The respondent moves to dismiss Tarvin's habeas petition under 28 U.S.C. § 2244(d)(1)(D). That statutory provision has been applied to petitions which contest the results of state prison disciplinary proceedings. *Kimbrell v. Cockrell*, 311 F.3d 361 (5th Cir. 2002). The one-year period commences from the date of the petitioner's disciplinary hearing. *Id*. at 363. A timely application under the prison administrative grievance procedures would toll the one-year period. *Id*. at 364.

As established in the previous section, Tarvin's disciplinary hearings were held in April of 2003, and he appealed each of the administrative decisions within fourteen days after they were rendered. The last Step 2 Grievances were denied on May 28, 2003. Therefore, the § 2244(d)(1)(D) limitations periods for all of the disciplinary actions expired before May 28, 2004.[1] The pending habeas action was filed on August 23, 2004, the date Tarvin signed his petition. *See Sonnier v. Johnson*, 161 F.3d 941, 945 (5th Cir. 1998); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998). Consequently, Tarvin's federal habeas petition is time-barred under 28 U.S.C. § 2244(d)(1)(D) because it was filed more than one year after the grievance proceedings and appeals were completed.

In his response (Docket Entry No. 12), Tarvin contends that his petition is not governed by

---

[1] The limitation periods for all of the disciplinary proceedings expired before May 28, 2004, because there were intervals between the dates of the administrative decisions and the dates that Tarvin filed his appeals. *See Flanagan,* F.3d at 199 n.1. The court uses May 28, 2004, for the sake of clarity in explaining the untimeliness of a petition challenging six disciplinary cases which was filed well after the expiration of the limitations period.

28 U.S.C. § 2244(d)(1) because the TDCJ-CID decision is not a state court judgment.  Docket Entry No. 12, at 9.  Tarvin cites *Cox v. McBride*, 279 F.3d 492 (7th Cir. 2002), in support of this argument. The Fifth Circuit explicitly declined to follow the *Cox v. McBride* decision when it determined that § 2244(d)(1) does apply to disciplinary proceedings.  *Kimbrell*, 311 F.3d at 363 n.2.

Liberally construed, Tarvin's pleadings fail to present any rare and exceptional circumstances, such as intentional deception, which demonstrate that he is entitled to equitable tolling.  *See United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002).  Nor is there any indication that he was subject to any state action that impeded him from timely filing his federal petition.  28 U.S.C. § 2244(d)(1)(B).  There is no showing of a newly recognized constitutional right upon which Carney's petition is based; nor is there a factual predicate of the claims that could not have been discovered before the challenged conviction became final.  28 U.S.C. § 2244(d)(1)(C), (D). Therefore, the respondent's motion for summary judgment shall be **GRANTED**.

## V. Certificate of Appealability

Under 28 U.S.C. § 2253, Tarvin needs to obtain a Certificate of Appealability (COA) before he can appeal this Memorandum Opinion and Order dismissing his petition.  A COA will not be issued unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 120 S.Ct. 1595, 1603-04 (2000) (internal quotations and citations omitted).  Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beasley v. Johnson*, 242 F.3d 248,

263 (5th Cir. 2001).  On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling."  *Beasley*, at 263, *quoting Slack*, 120 S.Ct. at 1604; *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000).  A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).  This court concludes that Tarvin is not entitled to a COA under the applicable standards.  *See* 28 U.S.C. § 2253(c).

## VI. Conclusion

The court **ORDERS** the following:

1.. The respondent's Motions for Extension of Time (Docket Entry Nos. 8 and 9) are **GRANTED**.

2. The respondent's Motion for Summary Judgment, (Docket Entry No. 10) is **GRANTED**.

3. This action is **DISMISSED** with prejudice.

4. A Certificate of Appealability is **DENIED**.

**SIGNED** on this 16th day of March, 2006.

JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE